PROVIDENCE/BRISTOL COUNTY SUPERIOR COURT

# SC DOCKET SHEET
## CASE NO. PC-2023-00924

| | | | |
|---|---|---|---|
| Prime Healthcare Services - Landmark, LLC | § | Location: | **Providence/Bristol County Superior Court** |
| v. | § | | |
| Cigna Health and Life Insurance Co. | § | Filed on: | **02/24/2023** |
| | § | US District Court Case Number: | **1:23-cv-00131** |
| | § | | |

---

## CASE INFORMATION

**Statistical Closures**
03/31/2023    Closed-Non-Trial-Unassigned-Remanded to District Court

Case Type: **Breach of Contract**

Case Status: **03/31/2023   Closed**

Case Flags: **Claim for Jury Trial**

---

| DATE | CASE ASSIGNMENT |
|---|---|
| | **Current Case Assignment** |
| | Case Number          PC-2023-00924 |
| | Court                     Providence/Bristol County Superior Court |
| | Date Assigned        02/24/2023 |

---

## PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | **Prime Healthcare Services - Landmark, LLC** | **CAVANAGH, JOSEPH V, Jr.** *Retained* 4018318900(W) |
| **Defendant** | **Cigna Health and Life Insurance Co.** | **HORTON, DANA M.** *Retained* 4017093300(W) |

---

| DATE | EVENTS & ORDERS OF THE COURT |
|---|---|

### EVENTS

| | |
|---|---|
| 03/31/2023 | Closed-Non-Trial-Unassigned-Remanded to District Court |
| 03/31/2023 | Case Removed to US District Court |
| 03/30/2023 | Notice of Removal |
| | *Defendants Notice of Filing Notice of Removal* |
| 03/20/2023 | Stipulation Filed Extension of Time |
| | *Stipulation to Extend Time to Respond to Plaintiff's Complaint* |
| 03/20/2023 | Entry of Appearance |
| | *Entry of Appearance on behalf of Defendant - Dana M. Horton* |
| 03/06/2023 | Affidavit Filed |
| | *Affidavit of Service of Process on Cigna Health and Life Insurance Co.* |
| 02/24/2023 | Summons |
| 02/24/2023 | Complaint Filed |
| | *Complaint* |



## STATE OF RHODE ISLAND
## AND PROVIDENCE PLANTATIONS

### CLERK'S CERTIFICATE AND TRANSMITTAL OF THE RECORD

**Case Information**

Case Caption: Prime Healthcare Services-Landmark, LLC vs. Cigna Health and Life Insurance, Co.

Federal Court Case No. 1:23-cv-00131    State Court Case No. PC-2023-00924

**Record Information**

Confidential:        Yes ☐    No ☑    Description: _____

Sealed documents:    Yes ☐    No ☑    Description: _____

**Certification**

I, Stephen Burke _____, Clerk of the Rhode Island Superior Court for the County of

Providence _____ do certify that the attached documents are all the documents

included in the record in the above referenced case.

Date: Mar/31/2023

Clerk:
/s/ Stephen Burke _____

Prepared by:
/s/ Maureen M. Daily _____

Page 2

Case Number: PC-2023-00924
Filed in Providence/Bristol County Superior Court
Submitted: 3/30/2023 7:52 PM
Envelope: 4047016
Reviewer: Maureen D.

Case 1:23-cv-00131-MSM-PAS    Document 5    Filed 04/03/23    Page 3 of 40 PageID #: 244

# EXHIBIT 1

Federal Court Filing of Notice of Removal

Case Number: PC-2023-00924
Filed in Providence/Bristol County Superior Court
Submitted: 3/30/2023 7:52 PM
Envelope: 4047016
Reviewer: Maureen D.

Case 1:23-cv-00131-PAS Document 1 Filed 03/30/23 Page 1 of 40 PageID #: 245

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

------------------------------------------------------- x

PRIME HEALTHCARE SERVICES –           :
LANDMARK, LLC                          :
                                       :        Civil No.: _____
                    Plaintiff,         :
                                       :
                                       :
v.                                     :
                                       :
CIGNA HEALTH AND LIFE INSURANCE        :
COMPANY                                :
                                       :
                    Defendant.         :

------------------------------------------------------- x

## NOTICE OF REMOVAL

Please take notice that, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant

Cigna Health and Life Insurance Company ("Cigna"), hereby removes to this Court the State

Court Action set forth below.  In accordance with the requirements of 28 U.S.C. § 1446, Cigna

makes the following short and plain statement of the basis for removal, while fully reserving its

rights to assert all available defenses.

## I.  INTRODUCTION

1.    On February 24, 2023, Plaintiff, Prime Healthcare Services – Landmark LLC

("Plaintiff" or "Landmark"), filed its Complaint in the State of Rhode Island Superior Court for

Providence/Bristol County under Civil Action No. PC-2023-00924 ("State Court Action").

Cigna was served with a Summons and State Court Complaint on March 2, 2023.  As required

under 28 U.S.C. § 1446(a), true and correct copy of the Complaint in the State Court Action is

attached as **Exhibit A**.  The complete State Court Docket, including the return of service is

attached as **Exhibit B**.

2.      Landmark is a hospital located in Woonsocket, Rhode Island, doing business as Landmark Medical Center. Landmark alleges that it "provided emergency care to thousands of patients insured by Cigna healthcare plans", and that "[f]or some patients [insured by Cigna healthcare plans], Landmark also provided medically necessary post-stabilization care". (*See generally*, Ex. A, Compl. ¶¶ 1, 9).

3.      The Complaint in the State Court Action claims entitlement to relief in favor of Landmark in the form of "the reasonable and customary value of the services [Landmark] provided to patients who are members of Cigna plans". (*Id*. ¶ 13).

4.      The Complaint fails to state any facts concerning the dates on which Landmark allegedly provided medical services for the benefit of members covered under health plans administered by Cigna, and asserts only generally that "[t]he cost of such services totals millions of dollars." (*Id.* ¶ 10).

5.      In the State Court Action, Landmark seeks relief on the grounds that "Cigna significantly underpaid Landmark for [such medical] services or, in many cases, failed to pay anything at all". (*See generally*, *Id.* ¶ 31). Many of the allegedly underpaid or denied benefits claims were administered by Cigna under employer-sponsored plans governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq*. (*See generally*, *Id.* ¶¶ 9, 18) (Referring to "patients insured by Cigna healthcare plans" and alleging Cigna's status as a "group health plan" and/or "health maintenance organization").

6.      The Complaint alleges five causes of action against Cigna under Rhode Island law: Unjust Enrichment; Quantum Meruit; Breach of Implied-in-Law Contract; Breach of Implied-in-Fact Contract; and, Promissory Estoppel. (*See* Ex. A, Compl., pp. 6-11).

2

7.    The Complaint fails to specify Landmark's citizenship, but Landmark alleges that

it "is a limited liability company with its principal place of business in Woonsocket, Rhode

Island".  Cigna is alleged to be "a Connecticut corporation with its principal place of business in

Bloomfield, Connecticut".  (*Id.* ¶¶ 1, 3).

8.    The State Court Action demonstrates that Landmark and Cigna are citizens of

different states and that the amount in controversy exceeds $75,000.

9.    In addition, because the alleged underpaid or denied claims seek recovery for

additional benefits due under and to enforce rights set forth in patients' ERISA-governed plans,

the Complaint's state law claims are preempted by ERISA and are also removable to this Court

pursuant to its federal question jurisdiction and ERISA's complete preemption doctrine.

## II.    BASIS FOR FEDERAL COURT JURISDICTION

A.    <u>Diversity of Citizenship</u>

9.    The Complaint alleges repeatedly that the amount in controversy is in the

"millions of dollars" and Landmark seeks judgment in its favor "for amounts allegedly owed

herein."  (*Id*, ¶ 10). Accordingly, the amount in controversy in the State Court Action "exceeds

the sum or value of $75,000".  29 U.S.C. § 1332(a).

10.    The dispute in the State Court action is between Cigna, a citizen of the State of

Connecticut, and Landmark, a corporation with its principal place of business in Rhode Island.

Cigna has confirmed that Landmark is a citizen of Rhode Island. (Compl., ¶¶ 1, 3).  Accordingly,

the matter in controversy is between "citizens of different states".  29 U.S.C. §1332(a)(1).

11.    The Complaint in the State Court Action is properly removed to this Court on the

grounds of diversity jurisdiction.

3

Case Number: PC-2023-00924
Filed in Providence/Bristol County Superior Court
Submitted: 3/30/2023 7:52 PM
Envelope: 4047016
Reviewer: Maureen D.

Case 1:23-cv-00134-PAS Document 1-6 Filed 03/30/23 Page 4 of 10 PageID #: 248

B.    <u>Federal Question Jurisdiction</u>

12.    The Complaint alleges that Landmark provided treatment to "Cigna members", consisting of "thousands of patients insured by Cigna healthcare plans". (Ex. A, Compl. ¶¶ 5, 9) Landmark's services were provided to patients "enrolled in one of Cigna's health plans". The Complaint references state statutory requirements concerning health maintenance organizations offering benefits through group health insurance coverage. (*Id.* ¶¶ 15, 18).

13.    Landmark alleges that it sent Cigna invoices for "billed charges" and that such charges "represent reasonable charges associated with the care provided" because they represent the "usual fees charged by Landmark" and purportedly constitute "the prevailing rates charged for these services." (*Id.* ¶ 17). For the benefits claims at issue, Landmark complains that Cigna "ignor[ed]" Landmark's billed charges, and instead employed "a methodology of paying for out-of-network services at below-market rates." (*Id.* ¶¶ 18, 21).[1]

14.    Landmark has not attached a list of the benefits claims for which it seeks recovery in the State Court Action, but did provide Cigna with a demand letter on March 16, 2021 (*Id.*, ¶ 24) which included claims that Plaintiff contends were improperly denied or underpaid.

15.    Upon information and belief, and based upon the claims identified in Plaintiff's demand, and as more fully explained in the attached declaration, Cigna has identified one or more claims that fall within Landmark's description of emergency medical services or post-emergency stabilization services that involve Cigna's administration of employer-sponsored plans governed exclusivity under ERISA ("ERISA Plans"). (Declaration of Rhonda Anderson, submitted as **Exhibit C**, ¶¶ 5, 7, 17, 19 and Exhibits 1, 4).

---

[1] Landmark acknowledges that for the medical services provide to member of Cigna-administered health plans, "no provider agreement was in place to set the specific rates Cigna would pay for Landmarks services." (*Id.* ¶ 12).

Case Number: PC-2023-00924
Filed in Providence/Bristol County Superior Court
Submitted: 3/30/2023 7:52 PM
Envelope: 4047016
Reviewer: Maureen D.

Case 1:23-cv-00181-PAS Document 1-1 Filed 03/30/23 Page 5 of 40 PageID #: 249

16.     Cigna also determined that one or more of the ERISA Plans at issue in Landmark's Complaint expressly permits assignments of benefits to providers such as Landmark.  (**Exhibit C** ¶¶ 8, 20).

17.     Landmark represented to Cigna in one or more of its claims submissions that Landmark was submitting the claims to Cigna pursuant to assignments of benefits executed by the Cigna Subscriber to whom the services were rendered.  (**Exhibit C** ¶¶ 11-13, 23-24, and Exhibits 2, 5).

C.     <u>Section 502(a) of ERISA Authorizes Removal</u>

18.     "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court for the United States for the district and division embracing the place where such action is pending".  28 U.S.C. § 1441(a).

19.     This Court has original subject matter jurisdiction over this case because, regardless of whether the Complaint alleges any causes of action under federal law, the State Court Action requires the resolution, construction or application of one or more substantial questions of federal law in dispute between Cigna and Landmark.  *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under laws or treaties of the United States.").

20.     Landmark's choice to avoid styling its claims as arising under ERISA does not defeat this Court's jurisdiction over this case.  (*See generally*, Ex. A. Compl. ¶ 27).  *See BIW Deceived v. Loc. S6, Indus. Union of Marine & Shipbuilding Workers of Am., IAMAW Dist. Lodge 4*, 132 F.3d 824, 831 (1st Cir. 1997) (artful pleading doctrine "empowers courts to look beneath the face of the complaint to divine the underlying nature of a claim, to determine

5

whether the plaintiff has sought to defeat removal by asserting a federal claim under state-law colors, and to act accordingly"). Nor is this Court's jurisdiction affected by the Complaint's allegation that none of the benefits claims in dispute arise under self-funded ERISA plans. (*Id.*) *See Houston Methodist Hosp. v. Humana Ins. Co.*, 266 F. Supp. 3d 939, 960 (S.D. Tex. 2017) (addressing claims related to fully insured ERISA Plans); *N. Jersey Brain & Spine Ctr. v. CIGNA Healthcare of NJ, Inc.*, No. CV 09-2630 (JAG), 2010 WL 11594901, at *5 (D.N.J. Jan. 12, 2010), *report and recommendation adopted sub nom. N. Jersey Brain & Spine Ctr. v. CIGNA Healthcare of New Jersey, Inc.*, No. CV 09-2630 (JAG), 2010 WL 11693191 (D.N.J. Mar. 5, 2010) ("claims involving fully insured plans cannot be resolved without reference, as detailed above, to the benefit plans *governed by ERISA*") (emphasis added). Accordingly, removal of this case from state based on federal question jurisdiction is proper.

21.      Specifically, this Court has jurisdiction because ERISA completely preempts the State Court Action. ERISA includes a comprehensive civil enforcement mechanism that completely preempts any state common law or statutory cause of action falling within the scope of Section 502(a) of ERISA, 29 U.S.C. § 1132(a). *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987); *Negron-Fuentes v. UPS Supply Chain Sols.*, 532 F.3d 1, 6 (1st Cir. 2008).

22.      As the United States Supreme Court has repeatedly held, the "carefully integrated civil enforcement provisions" in Section 502(a) of ERISA provide the "exclusive" remedies available for the allegedly incorrect denial, non-payment or underpayment of benefits that are offered under ERISA-governed health benefit plans. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987) (quoting *Mars. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 146 (1985)). The "extraordinary preemptive power" of ERISA Section 502(a) is so encompassing that it "converts on ordinary state common law complaint into one stating a federal claim for purposes of the

6

Case Number: PC-2023-00924
Filed in Providence/Bristol County Superior Court
Submitted: 3/30/2023 7:52 PM
Envelope: 4047016
Reviewer: Maureen D.

Case 1:23-cv-00131-MSM-PAS Document 1-1 Filed 03/30/23 Page 7 of 40 PageID #: 251

well-pleaded complaint rule". *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004) (quoting

*Taylor*, 481 U.S. at 65-66 ). Accordingly, any state law cause of action, such as those pleaded in

the Complaint, that "duplicates, supplements, or supplicants the ERISA civil enforcement

remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is

therefore pre-empted." *Id.* Specifically, for the reasons that follow, Landmark's Complaint in

the State Court Action is completely preempted by ERISA.

23.     First, to the extent that each of Landmark's state law claims is premised on duties

on obligations imposed under R.I. Gen. Laws ¶¶ 27-18-76, ¶¶ 27-19-79 or 17-18-61 (Ex. A.,

¶¶ 16, 18, 22), they are preempted.[2]  *See Am.'s Health Ins. Plans v. Hudgens*, 742 F.3d 1319,

1329-34 (11th Cir. 2014) (state "prompt pay" statute preempted by ERISA); *Schoedinger v.*

*United Healthcare of Midwest, Inc.*, 557 F.3d 872, 875-76 (8th Cir. 2009) (same); *Cleghorn v.*

*Blue Shield of California*, 408 F.3d 1222, 1225-27 (9th Cir. 2005) (state statute regulating

provision of emergency services preempted by ERISA)..

24.     Second, all of Landmark's state law causes of action are preempted because they

seek imposition of liability and damages addressed to the core activity concerning benefits

allegedly due or clarification of rights available under ERISA plans. Accordingly, Landmark

could have – but failed or refused to do so – brought such claims to recover benefits under Cigna

– administered ERISA plans pursuant to ERISA Section 502(a)(1)(B). *See Otero Carrasquillo v.*

*Pharmacia Corp.*, 466 F.3d 13, 20 (1st Cir. 2006) (state-law claim preempted where its

resolution requires consulting ERISA plan); *Hotz v. Blue Cross & Blue Shield of Mass., Inc.*, 292

F.3d 57, 60 (1st Cir. 2002) (challenge to process for assessing benefits due under ERISA plan

---

[2] For each cause of action in the Complaint, "Landmark incorporates the allegations in the preceding paragraph as if fully set forth herein." (*See, e.g.*, Ex. A, Compl. ¶ 28).

Case Number: PC-2023-00924
Filed in Providence/Bristol County Superior Court
Submitted: 3/30/2023 7:52 PM
Envelope: 4047016
Reviewer: Maureen D.

Case 1:23-cv-00131-MSM-PAS Document 1 Filed 03/30/23 Page 8 of 40 PageID #: 252

preempted); *Colon-Rodriguez v. Astra/Zeneca Pharms.*, LP, 831 F. Supp. 2d 545, 554 (D.P.R. 2011) (state-law claim preempted where it amounted to a claim for benefits due under ERISA plan). (*See generally*, Ex. A Compl. Background p. 2 and 3).  ("A. Landmark provided Emergency Medical Care to patients who were members of Cigna Health Plans"; "B. Cigna Refuses to Pay Reasonable Value for the Emergency Medical Care Services Landmark provided.")

25.     Third, with respect to the benefits claims at issue, Landmark alleges generally that "instead of following Rhode Island law, Cigna employs a methodology of paying for out-of-network [Medical] Services at below-market rates."  (Ex. A Compl. ¶ 21).  Accordingly, the Complaint seeks alternative enforcement mechanisms under state law to support rights existing under ERISA § 502(a)(1)(B) concerning how ERISA Plans cover and pay for out-of-network benefits for emergency medical services or post-emergency medical services.  *See Otero*, 466 F.3d at 20 (state law claim preempted where its resolution requires consulting ERISA plan).

26.     Accordingly, ERISA § 502(a) preempts Landmark's causes of action for Unjust Enrichment, *Quantum Meruit*, Breach of Implied-in-law Contract, Breach of Implied-in-Fact Contract and Promissory Estoppel.  *See Davila*, 542 U.S. at 213 (finding complete preemption of state law claims where liability for damages "would exist here only because of petitioner's administration of ERISA-regulated benefit plans.").  As such, this Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331 and ERISA § 502(a).

## III.     VENUE

27.     The Superior Court for Providence/Bristol County is located within the District of Rhode Island.  Accordingly, removal to this court complies with the venue requirements of 29 U.S.C. § 1446(a).

Case Number: PC-2023-00924
Filed in Providence/Bristol County Superior Court
Submitted: 3/30/2023 7:52 PM
Envelope: 4047016
Reviewer: Maureen D.

## IV.   TIMELY NOTICE OF REMOVAL

28.     This Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b)(1) because Cigna was served with process on March 2, 2023.  Therefore, the 30-day deadline applicable to this Notice is April 3, 2023.

## V.   CONSENT OF OTHER DEFENDANTS NOT APPLICABLE

29.     The consent requirement of 28 U.S.C. § 1446(b)(2)(A) is not applicable to removal of this action because Cigna is the only defendant.

## VI.   NOTICE OF FILING REMOVAL NOTICE

30.     The written notice required pursuant to 28 U.S.C. § 1446(d) will be timely filed in the Superior Court for Providence/Bristol County and served upon Plaintiff.

## VII.   RESERVATION OF RIGHTS

31.     Cigna does not waive – and hereby expressly reserves – its right to assert any and all available legal defenses, including the right to assert such defenses in subsequent proceedings.  Further, Cigna does not admit any allegations in Plaintiff's Complaint.

32.     If Plaintiff raises any challenge to the propriety of removal of the State Court Action, Cigna will seek to take necessary discovery to resolve Plaintiff's contentions concerning jurisdiction, in addition to presenting briefing and oral argument in support of removal.

9

Case Number: PC-2023-00924
Filed in Providence/Bristol County Superior Court
Submitted: 3/30/2023 7:52 PM
Envelope: 4047016
Reviewer: Maureen D.

Case 1:23-cv-00139-MSM-PAS Document 1-5 Filed 03/30/23 Page 13 of 40 PageID #: 254

## VIII.   PRAYER

WHEREFORE, Cigna respectfully requests that the State Court Action be removed to the

United States District Court for the District of Rhode Island pursuant to 28 U.S.C. §§ 1331, 1332,

1441, and 14467.

Dated March 30, 2023

ROBINSON & COLE LLP

By: */s/ Dana M. Horton*
     Dana M. Horton
     (RI Bar # 6251)
     One Financial Plaza, 14th Floor
     Providence, RI  02903
     Tel. No.: (401) 709-3300
     Fax. No.: (401) 709-3399
     Email: dhorton@rc.com

     *Counsel for Cigna Health and Life*
     *Insurance Company*

10

**STATE OF RHODE ISLAND**                 **SUPERIOR COURT**
**PROVIDENCE, SC**

Prime Healthcare Services - Landmark, LLC,

            Plaintiff,                    C.A. No.:

    v.

Cigna Health and Life Insurance Co.,      **JURY DEMAND**

            Defendant.

## COMPLAINT

This proceeding is brought by Prime Healthcare Services - Landmark, LLC dba Landmark Medical Center (the "Hospital" or "Landmark") against Cigna Health and Life Insurance Co. ("Cigna") because Cigna has unjustifiably refused to reimburse Landmark for emergency health care services Landmark provided to sick patients. Landmark provided critical, sometimes life-saving, care to patients insured by Cigna, yet Cigna has failed and refused to pay the amounts owed for the Hospital's services. As a result, Landmark has been significantly underpaid after providing emergency health care services to patients for whom Cigna had assumed financial responsibility.

## THE PARTIES

1.    Prime Healthcare Services - Landmark, LLC, doing business as Landmark Medical Center, is a limited liability company with its principal place of business in Woonsocket, Rhode Island. Landmark is a subsidiary of Prime Healthcare Services, Inc. and operates an award-winning hospital licensed by the State of Rhode Island and located in Woonsocket, Rhode Island.

2.     Applicable to the presently-asserted claims, Landmark's emergency department has treated Rhode Island patients and saved lives through the emergency health care services provided by the Hospital.

3.     Cigna Health and Life Insurance Co., was, and is now, a Connecticut corporation with its principal place of business in Bloomfield, Connecticut.

## VENUE AND JURISDICTION

4.     This Court has jurisdiction over this matter pursuant to Rhode Island General Laws § 8-2-14(a), as the amount in controversy exceeds $10,000.

5.     This Court has personal jurisdiction over Defendant Cigna because Cigna exhibited purposeful contacts with Rhode Island via conferring with Landmark, authorizing Landmark's treatment of Cigna members, and refusing to pay Landmark appropriately for those services. Cigna also has continuous and systematic contacts with Rhode Island by virtue of its providing health insurance coverage for patients' health care services in Rhode Island. Further, the exercise of personal jurisdiction over Cigna does not offend traditional notions of fair play and substantial justice.

6.     Venue is proper in the Superior Court for Providence County pursuant to Rhode Island General Laws § 9-4-3.

## BACKGROUND

### A. Landmark Provided Emergency Medical Care to Patients Who Were Members of Cigna Health Plans

7.     Landmark is a hospital serving Rhode Islanders and all patients who come through its emergency room. Indeed, under both federal and Rhode Island law during the time period at issue, when a patient appeared at Landmark's emergency room, Landmark was required to treat the patient regardless of insurance status or inability to pay for the services provided.

2

8.      Under the Emergency Medical Treatment and Labor Act ("EMTALA") and Rhode Island law, Landmark had a legal duty to provide emergency medical care to all individuals who presented themselves to the emergency room. Specifically, Rhode Island General Laws § 23-17-26(a) requires "[e]very health-care facility that has an emergency medical-care unit . . . [to] provide to every person prompt, life-saving, medical-care treatment in an emergency . . . without discrimination on account of economic status or source of payment, and without delaying treatment for the purpose of a prior discussion of the source of payment unless the delay can be imposed without material risk to the health of the person."

9.      As required by law, Landmark provided emergency medical care to thousands of patients insured by Cigna healthcare plans. Landmark stabilized the patients, in some instances providing life-saving care. For some patients, Landmark also provided medically necessary post-stabilization care.

10.     The cost of these services totals millions of dollars.

11.     Given the services Landmark provided, it then billed Cigna at reasonable rates for the services provided to Cigna-insured patients.

12.     When the services were provided, no provider agreement was in place to set the specific rates Cigna would pay for Landmark's services.

13.     In these circumstances, Rhode Island law gives rise to an implied contract requiring Cigna to reimburse Landmark at the reasonable and customary value of the services provided to patients who are members of Cigna plans.

14.     Under such circumstances, the implied contract serves to prevent Cigna from securing a windfall that would result from taking the services provided by Landmark and either failing to pay for those services at all or paying for them at inadequate rates.

3

Case Number: PC-2023-00924
Filed in Providence/Bristol County Superior Court
Submitted: 3/30/2023 1:54 PM
Envelope: 4007038
Reviewer: Maureen D.

Case 1:23-cv-20913-DMSM-PAS Document Filed 03/30/23 09/23 4 Page Page 40 PageID #:
258

15.    Thus, when Landmark provided emergency services to a patient enrolled in one of

the Cigna's health plans, Cigna was obligated to pay reasonable rates for that care. That obligation

is illustrated by the Restatement (Third) of Restitution and Unjust Enrichment § 22 (Illustration

No. 10). Indeed, that provision details Cigna's legally implied obligation to pay reasonable rates

for emergency services:

> 10. Hospital provides emergency services to patients enrolled with Managed Care
> Organization, at rates established under a contract designated Hospital as a
> 'preferred provider.' The contract expires . . . Hospital continues to provide services
> to MCO's patients nevertheless. MCO tenders payment for these services at the
> 'preferred' rate fixed by the prior agreement; Hospital demands compensation at a
> higher, 'standard' rate invoiced to uninsured patients. The court finds that there is
> no contract, express or implied, to fix the price of Hospital's services on either basis.
> Hospital's right to payment from MCO rests on a claim in restitution under
> § 22(2)(b); MCO's unjust enrichment is measured by the reasonable value of the
> services rendered by Hospital.

16.    Cigna's payment obligation is further confirmed by Rhode Island statutes, which

require health insurance carriers to provide benefits that, at a minimum, make clear to their

insureds that emergency services rendered by out-of-network providers will be covered at amounts

not less than the greatest of: (1) the median of their negotiated in-network rates for emergency

services; (2) the rates determined by their standard method of calculating payments for out-of-

network services, such as the usual, customary, and reasonable amount; or (3) the amount that

would be paid under Medicare. *See* 27 R.I. Gen. Law § 27-18-76.

17.    Landmark believes that the billed charges it presented on the invoices sent to Cigna

represent reasonable charges associated with the care provided. Specifically, these charges reflect

Landmark's qualifications, the nature of the services provided, the usual fees charged by Landmark,

and the prevailing rates charged for these services. As such, the charges presented on Landmark's

bills qualify as the reasonable charges for the services provided under Rhode Island law.

18.    On information and belief, for the claims at issue, Cigna qualifies as a "health

4

Case Number: PC-2023-00924
Filed in Providence/Bristol County Superior Court
Submitted: 3/30/2023 7:51 AM
Envelope: 4007038
Reviewer: Maureen D.

Case 1:23-cv-00916-JJM-PAS Document Filed 03/30/23/23 5 Page 1 of 40 #: PageID #:
259

insurance carrier," "group health plan," and/or "health maintenance organization" under Rhode Island General Laws §§ 27-18-76 and 27-41-79.

19. For all of these reasons, Cigna had statutory and contractual obligations to pay reasonable rates for the services rendered by Landmark.

## B. Cigna Refuses to Pay Reasonable Value for the Emergency Medical Care Services Landmark Provided

20. Cigna failed and refused to adequately reimburse Landmark at the level of its billed charges or any reasonable rate for the emergency services provided, as required by law.

21. On information and belief, in an effort to avoid paying Landmark its reasonable rates, Cigna has adopted a policy and practice of ignoring the requirement to pay those amounts. Instead of following Rhode Island law, Cigna employs a methodology of paying for out-of-network services at below-market rates. Cigna's refusal to pay resulted in the unpayment or underpayment for the emergency medical care services Landmark provided to Cigna-insured patients. Landmark estimates that Cigna unjustly retained millions of dollars owed to Landmark.

22. Rhode Island General Laws § 27-18-61, however, requires health plans to pay written claims within 40 calendar days of receipt of a claim and electronic claims within 30 days of receipt of a claim.

23. At the same time Cigna underpaid Landmark Hospital for the healthcare services Landmark provided, Cigna has been alleged to have failed to pay physicians appropriately for health care services. First Amended Class Action Complaint, *Stewart v. Cigna Corp.*, No. 3:22-CV-00769-OAW, (D. Conn. Sept. 12, 2022).

24. Landmark sent a demand letter to Cigna on March 16, 2021, notifying Cigna of the amount owed for certain emergency medical services and Landmark's desire to resolve underpaid claims.

5

25.     Cigna agreed to toll the statute of limitations for many of the claims for emergency medical services through a written agreement with Landmark and subsequent amendments to this original agreement.

26.     However, the parties were not able to reach a negotiated resolution, so this Complaint follows.

27.     Landmark pursues payment of these underpaid claims in its own right and on its own behalf, and not on behalf of any patient. Landmark does not assert in this lawsuit any causes of action under the federal Employee Retirement Income Security Act of 1974 ("ERISA") or any claims for benefits based on an assignment of benefits. Moreover, Landmark does not seek in this lawsuit to recover for any claims for members covered by self-funded ERISA plans for which no amount was allowed or paid by Cigna.

**FIRST CAUSE OF ACTION**
**UNJUST ENRICHMENT**

28.     Landmark incorporates the allegations in the preceding paragraphs as if fully set forth herein.

29.     Landmark conferred a benefit to Cigna by providing emergency health care services to Cigna-insured patients.

30.     Cigna received the benefit of the emergency health care services rendered by Landmark to Cigna-insured patients, but Cigna failed and refused to reimburse Landmark for the reasonable value of those services, as reflected in the billed charges presented on the invoices sent to Cigna.

31.     Instead, Cigna significantly underpaid Landmark for those services or, in many cases, failed to pay anything at all, and Cigna thereby inequitably retained the benefit conferred upon it and those it insured by Landmark.

6

32. Cigna's failure and refusal to properly pay for Landmark's services at reasonable rates caused Landmark to sustain damages, which amounts Landmark is entitled to recover to prevent an unjust enrichment.

## SECOND CAUSE OF ACTION
## QUANTUM MERUIT

33. Landmark incorporates the allegations in the preceding paragraphs as if fully set forth herein.

34. Landmark conferred a benefit to Cigna by providing emergency health care services to patients who had their health insurance benefits administered by Cigna.

35. Cigna received the benefit of the emergency health care services rendered by Landmark to Cigna members, but Cigna failed and refused to reimburse Landmark for the reasonable value of those services.

36. Instead, Cigna significantly underpaid Landmark for those services.

37. Cigna's failure and refusal to properly pay for Landmark's services at reasonable rates caused Landmark to sustain damages, which amounts Landmark is entitled to recover in quantum meruit.

## THIRD CAUSE OF ACTION
## BREACH OF IMPLIED-IN-LAW CONTRACT

38. Landmark incorporates the allegations in the preceding paragraphs as if fully set forth herein.

39. Rhode Island law also gives rise to an implied contract requiring Cigna to reimburse Landmark at reasonable rates for the services provided to patients who had their health insurance benefits administered by Cigna.

7

40.     Under EMTALA and Rhode Island law, Landmark had a legal duty to provide emergency medical care to all individuals who presented themselves to the emergency room. Landmark has provided emergency services to Cigna enrollees, as required by law.

41.     When Landmark provided emergency services to a patient enrolled in one of Cigna's health plans, Cigna was obligated to pay reasonable rates for that care. As discussed above, that obligation is illustrated by the Restatement (Third) of Restitution and Unjust Enrichment § 22 (Illustration No. 10).

42.     Cigna's payment obligation is further confirmed by Rhode Island statute, including R.I. Gen. Laws §§ 27-18-76 and 27-41-79, which requires health insurance carriers, and health maintenance organizations "offering health insurance coverage provid[ing] any benefits with respect to services in an emergency department of a hospital" to cover emergency services "[w]ithout the need for any prior authorization determination . . . ; [w]ithout regard to whether the health care provider furnishing the emergency services is a participating network provider with respect to the services; [and] without imposing any administrative requirement or limitation on coverage that is more restrictive than the requirements or limitations that apply to emergency services received from in-network providers," among other requirements. R.I. Gen. Laws § 27-18-76(b–c) and 27-41-79(b–c).

43.     Thus, even absent an express agreement between the parties, Cigna still had a legal obligation to pay reasonable rates for the services rendered by Landmark.

44.     Cigna failed and refused to reimburse Landmark at fair market value rates for services rendered that were not subject to agreed-upon contractual rates, as required by law.

## FOURTH CAUSE OF ACTION
## BREACH OF IMPLIED-IN-FACT CONTRACT

45.     Landmark incorporates the allegations in the preceding paragraphs as if fully set

8

Case Number: PC-2023-00924
Filed in Providence/Bristol County Superior Court
Submitted: 3/30/2023 7:52:37 PM
Envelope: 4007036
Reviewer: Maureen D.

Case 1:23-cv-00924-JJM-PAS Document 1 Filed 03/30/23 Page 9 of 40 PageID #: 263

forth herein.

46.     A number of patients who received the Hospital's emergency medical services subsequently required post-stabilization services after their emergency conditions had been addressed and stabilized.

47.     The Hospital contacted Cigna (a) to inform Cigna that its member had presented to the Hospital for emergency medical services, (b) to verify that the individual was an eligible Cigna member, (c) to request authorization to provide post-stabilization services, and (d) to engage in other communications about the patient's care.

48.     It is industry custom and practice that when providers (e.g., Landmark) request authorization from a health plan (e.g., Cigna), whether prospectively, concurrently, or retroactively, the health plan's issuance of authorization or indication that no authorization is required creates an implied-in-fact contract between the providers and health plan whereby the health plan agrees to adequately pay for the providers' services.

49.     Here, Cigna either expressly authorized Landmark's post-stabilization services, or expressly indicated that no authorization was required for Landmark's post-stabilization services. Moreover, Cigna elected not to transfer its members out of the Hospital to an in-network facility, thereby authorizing and agreeing to cover the services the Hospital would provide. In so doing, an implied-in-fact contract was created whereby Landmark agreed to provide post-stabilization services to Cigna members, and Cigna agreed to pay the reasonable and customary rates for those services, which the parties understood and mutually agreed.

50.     Landmark rendered post-stabilization services to Cigna members with the reasonable expectation that Cigna would comply with the implied-in-fact agreement between the parties, and pay for Landmark's post-stabilization services at the reasonable and customary rates.

9

51.     Landmark performed all or substantially all of the significant things required of
them under the implied-in-fact contract between Landmark and Cigna, or Landmark otherwise
was excused from having to perform some or all of the significant things required of them under
the implied-in-fact contract.  Moreover, all conditions for Cigna's performance under the
implied-in-fact contract had occurred or otherwise were excused and/or waived.

52.     Cigna breached its implied-in-fact contract with Landmark by paying Landmark
less than the reasonable and customary rates for its post-stabilization services.

53.     Cigna's breach of this implied-in-fact contract directly and proximately caused
Landmark to suffer damages in an amount to be proven at trial, plus interest.

## FIFTH CAUSE OF ACTION
## PROMISSORY ESTOPPEL

54.     Landmark incorporates the allegations in the preceding paragraphs as if fully set
forth herein.

55.     Landmark provided post-stabilization services to certain of Cigna's members after
their emergency medical conditions were stabilized, where the member's treating physician
determined in his or her independent medical judgment that such services were medically
necessary.

56.     Upon information and belief, in each instance where the treating physician
determined post-stabilization services were medically necessary, Landmark promptly notified
Cigna that the patient required inpatient post-stabilization services and requested that Cigna
authorize those services or make prompt arrangements for the patient to be transferred to an in-
network provider.

57.     Upon information and belief, in each instance where Landmark provided post-
stabilization services to Cigna's members, Landmark sought and received from Cigna

10

Case Number: PC-2023-00924
Filed in Providence/Bristol County Superior Court
Submitted: 3/30/2023 12:49 PM
Envelope: 4047036
Reviewer: Maureen D.

Case 1:24-cv-00130-WES-PAS Document 1-5 Filed 05/30/24/03/24 Page 11 Page 24 of 40 PageID #: 265

authorizations to provide such post-stabilization services to such members, which included Cigna's promise to pay for those services.

58.     Cigna knew or reasonably expected at the time it provided the authorizations that those authorizations would induce Landmark to provide post-stabilization services to Cigna's members and that Landmark would expect Cigna to pay them the reasonable value of those services.

59.     Cigna's authorizations induced Landmark to provide post-stabilization services to Cigna's members, and Landmark reasonably relied upon Cigna's authorizations when providing those services.

60.     Nevertheless, Cigna systematically underpaid Landmark for the authorized post-stabilization services they provided to Cigna's members.

61.     Injustice can only be avoided by enforcing Cigna's promise to pay Landmark the reasonable value of the authorized post-stabilization services that Landmark provided to Cigna's members.

62.     As a direct and proximate result of Cigna's wrongful conduct, Landmark has suffered damages in an amount to be proven at trial, plus interest.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Landmark prays judgment be entered in its favor for amounts owed as alleged herein, plus any applicable interest under law or contract, attorney fees, and declaratory and injunctive relief.

## JURY DEMAND

Plaintiff Landmark demands a trial by jury for all issues so triable.

11

Dated: February 24, 2023

Respectfully submitted,

*/s/ Joseph V. Cavanagh, III*

Joseph V. Cavanagh, Jr. (1139)
Joseph V. Cavanagh, III (6907)
BLISH & CAVANAGH, LLP
30 Exchange Terrace
Providence, RI 02903
Tel: (401) 831-8900
Fax: (401) 751-7542
jvc@blishcavlaw.com
jvc3@blishcavlaw.com

B. Kurt Copper
(*pro hac vice application forthcoming*)
JONES DAY
2727 North Harwood Street
Suite 500
Dallas, TX 75201
Tel: (214) 220-3939
Fax: (214) 969-5100
bkcopper@jonesday.com

Chance B. McCraw
(*pro hac vice application forthcoming*)
JONES DAY
2727 North Harwood Street
Suite 500
Dallas, TX 75201
Tel: (214) 969-4563
Fax: (214) 969-5100
cmccraw@jonesday.com

*Counsel for Plaintiff*

12

Case Number: PC-2023-00924
Filed in Providence/Bristol County Superior Court
Submitted: 3/30/2023 7:52 PM
Envelope: 4047016
Reviewer: Maureen D.

| | |
|---|---|
| **STATE OF RHODE ISLAND** **PROVIDENCE, SC** | **SUPERIOR COURT** |

------------------------------------------------------------- x

PRIME HEALTHCARE SERVICES – LANDMARK, LLC, :

                      Plaintiff, :    Case No. PC-2023-00924

                                            :

     -against- :

                                            :    **NOTICE OF FILING OF**

CIGNA HEALTH AND LIFE INSURANCE CO., :    **NOTICE OF REMOVAL**

                                            :

                     Defendant. :

------------------------------------------------------------- x

       **PLEASE TAKE NOTICE** that on this 30th day of March, 2023, Defendant herein, Cigna

Health and Life Insurance Co. ("Cigna"), removed this action to the United States District Court

for the District of Rhode Island by filing a Notice of Removal in that Court pursuant to 28 U.S.C.

§§ 1331, 1332 and 1446. A copy of the Notice of Removal and accompanying exhibits are attached

hereto as Exhibit "1." Accordingly, and pursuant to 28 U.S.C. § 1446(d), this Court may proceed

no further unless and until this case is remanded.

Dated:  March 30, 2023

                             ROBINSON & COLE LLP

                     By: */s/ Dana M. Horton*
                           Dana M. Horton
                           (RI Bar # 6251)
                           One Financial Plaza, 14th Floor
                           Providence, RI  02903
                           Tel. No.: (401) 709-3300
                           Fax. No.: (401) 709-3399
                           Email: dhorton@rc.com

                           *Attorneys for Cigna Health and Life*
                           *Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of March. 2023:

X        I electronically filed and served this document through the electronic filing system with notice to the following parties:

Joseph V. Cavanagh, Jr.
Joseph V. Cavanagh, III
Blish & Cavanagh, LLP
30 Exchange Terrace
Providence, RI  02903
jvc@blishcavlaw.com
jvc3@blishcavlaw.com

The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

/s/ Dana M. Horton
Dana M. Horton

2

Case Number: PC-2023-00924
Filed in Providence/Bristol County Superior Court
Submitted: 3/30/2023 7:52 PM
Envelope: 4047016
Reviewer: Maureen D.

Case 1:23-cv-00116-JJM-PAS   Document 1-8   Filed 03/09/23   Page 18 of 25 PageID #: 269

# Exhibit A

**STATE OF RHODE ISLAND**                    **SUPERIOR COURT**
**PROVIDENCE, SC**

Prime Healthcare Services - Landmark, LLC,

Plaintiff,                    C.A. No.:

v.

Cigna Health and Life Insurance Co.,        **JURY DEMAND**

Defendant.

## COMPLAINT

This proceeding is brought by Prime Healthcare Services - Landmark, LLC dba Landmark Medical Center (the "Hospital" or "Landmark") against Cigna Health and Life Insurance Co. ("Cigna") because Cigna has unjustifiably refused to reimburse Landmark for emergency health care services Landmark provided to sick patients. Landmark provided critical, sometimes life-saving, care to patients insured by Cigna, yet Cigna has failed and refused to pay the amounts owed for the Hospital's services. As a result, Landmark has been significantly underpaid after providing emergency health care services to patients for whom Cigna had assumed financial responsibility.

## THE PARTIES

I.       Prime Healthcare Services - Landmark, LLC, doing business as Landmark Medical Center, is a limited liability company with its principal place of business in Woonsocket, Rhode Island. Landmark is a subsidiary of Prime Healthcare Services, Inc. and operates an award-winning hospital licensed by the State of Rhode Island and located in Woonsocket, Rhode Island.

Case Number: PC-2023-00924
Filed in Providence/Bristol County Superior Court
Submitted: 2/30/2023 12:43 PM
Envelope: 4000088
Reviewer: Maureen D.

Case 1:23-cv-00163-DLM-PAS Document 1 Filed 03/30/23 Page 30 of 40 PageID #: 271

2.      Applicable to the presently-asserted claims, Landmark's emergency department has treated Rhode Island patients and saved lives through the emergency health care services provided by the Hospital.

3.      Cigna Health and Life Insurance Co., was, and is now, a Connecticut corporation with its principal place of business in Bloomfield, Connecticut.

### VENUE AND JURISDICTION

4.      This Court has jurisdiction over this matter pursuant to Rhode Island General Laws § 8-2-14(a), as the amount in controversy exceeds $10,000.

5.      This Court has personal jurisdiction over Defendant Cigna because Cigna exhibited purposeful contacts with Rhode Island via conferring with Landmark, authorizing Landmark's treatment of Cigna members, and refusing to pay Landmark appropriately for those services. Cigna also has continuous and systematic contacts with Rhode Island by virtue of its providing health insurance coverage for patients' health care services in Rhode Island. Further, the exercise of personal jurisdiction over Cigna does not offend traditional notions of fair play and substantial justice.

6.      Venue is proper in the Superior Court for Providence County pursuant to Rhode Island General Laws § 9-4-3.

### BACKGROUND

**A. Landmark Provided Emergency Medical Care to Patients Who Were Members of Cigna Health Plans**

7.      Landmark is a hospital serving Rhode Islanders and all patients who come through its emergency room. Indeed, under both federal and Rhode Island law during the time period at issue, when a patient appeared at Landmark's emergency room, Landmark was required to treat the patient regardless of insurance status or inability to pay for the services provided.

2

Case Number: PC-2023-00924
Filed in Providence/Bristol County Superior Court
Submitted: 2/30/2023 12:43 PM
Envelope: 4000086
Reviewer: Maureen D.

8.      Under the Emergency Medical Treatment and Labor Act ("EMTALA") and Rhode Island law, Landmark had a legal duty to provide emergency medical care to all individuals who presented themselves to the emergency room.  Specifically, Rhode Island General Laws § 23-17-26(a) requires "[e]very health-care facility that has an emergency medical-care unit . . . [to] provide to every person prompt, life-saving, medical-care treatment in an emergency . . . without discrimination on account of economic status or source of payment, and without delaying treatment for the purpose of a prior discussion of the source of payment unless the delay can be imposed without material risk to the health of the person."

9.      As required by law, Landmark provided emergency medical care to thousands of patients insured by Cigna healthcare plans.  Landmark stabilized the patients, in some instances providing life-saving care.  For some patients, Landmark also provided medically necessary post-stabilization care.

10.     The cost of these services totals millions of dollars.

11.     Given the services Landmark provided, it then billed Cigna at reasonable rates for the services provided to Cigna-insured patients.

12.     When the services were provided, no provider agreement was in place to set the specific rates Cigna would pay for Landmark's services.

13.     In these circumstances, Rhode Island law gives rise to an implied contract requiring Cigna to reimburse Landmark at the reasonable and customary value of the services provided to patients who are members of Cigna plans.

14.     Under such circumstances, the implied contract serves to prevent Cigna from securing a windfall that would result from taking the services provided by Landmark and either failing to pay for those services at all or paying for them at inadequate rates.

15.     Thus, when Landmark provided emergency services to a patient enrolled in one of

the Cigna's health plans, Cigna was obligated to pay reasonable rates for that care.  That obligation

is illustrated by the Restatement (Third) of Restitution and Unjust Enrichment § 22 (Illustration

No. 10).  Indeed, that provision details Cigna's legally implied obligation to pay reasonable rates

for emergency services:

> 10. Hospital provides emergency services to patients enrolled with Managed Care
> Organization, at rates established under a contract designated Hospital as a
> 'preferred provider.' The contract expires . . . Hospital continues to provide services
> to MCO's patients nevertheless. MCO tenders payment for these services at the
> 'preferred' rate fixed by the prior agreement; Hospital demands compensation at a
> higher, 'standard' rate invoiced to uninsured patients. The court finds that there is
> no contract, express or implied, to fix the price of Hospital's services on either basis.
> Hospital's right to payment from MCO rests on a claim in restitution under
> § 22(2)(b); MCO's unjust enrichment is measured by the reasonable value of the
> services rendered by Hospital.

16.     Cigna's payment obligation is further confirmed by Rhode Island statutes, which

require health insurance carriers to provide benefits that, at a minimum, make clear to their

insureds that emergency services rendered by out-of-network providers will be covered at amounts

not less than the greatest of:  (1) the median of their negotiated in-network rates for emergency

services; (2) the rates determined by their standard method of calculating payments for out-of-

network services, such as the usual, customary, and reasonable amount; or (3) the amount that

would be paid under Medicare.  *See* 27 R.I. Gen. Law § 27-18-76.

17.     Landmark believes that the billed charges it presented on the invoices sent to Cigna

represent reasonable charges associated with the care provided.  Specifically, these charges reflect

Landmark's qualifications, the nature of the services provided, the usual fees charged by Landmark,

and the prevailing rates charged for these services.  As such, the charges presented on Landmark's

bills qualify as the reasonable charges for the services provided under Rhode Island law.

18.     On information and belief, for the claims at issue, Cigna qualifies as a "health

insurance carrier," "group health plan," and/or "health maintenance organization" under Rhode Island General Laws §§ 27-18-76 and 27-41-79.

19.     For all of these reasons, Cigna had statutory and contractual obligations to pay reasonable rates for the services rendered by Landmark.

**B.  Cigna Refuses to Pay Reasonable Value for the Emergency Medical Care Services Landmark Provided**

20.     Cigna failed and refused to adequately reimburse Landmark at the level of its billed charges or any reasonable rate for the emergency services provided, as required by law.

21.     On information and belief, in an effort to avoid paying Landmark its reasonable rates, Cigna has adopted a policy and practice of ignoring the requirement to pay those amounts. Instead of following Rhode Island law, Cigna employs a methodology of paying for out-of-network services at below-market rates.  Cigna's refusal to pay resulted in the unpayment or underpayment for the emergency medical care services Landmark provided to Cigna-insured patients.  Landmark estimates that Cigna unjustly retained millions of dollars owed to Landmark.

22.     Rhode Island General Laws § 27-18-61, however, requires health plans to pay written claims within 40 calendar days of receipt of a claim and electronic claims within 30 days of receipt of a claim.

23.     At the same time Cigna underpaid Landmark Hospital for the healthcare services Landmark provided, Cigna has been alleged to have failed to pay physicians appropriately for health care services.  First Amended Class Action Complaint, *Stewart v. Cigna Corp.*, No. 3:22-CV-00769-OAW, (D. Conn. Sept. 12, 2022).

24.     Landmark sent a demand letter to Cigna on March 16, 2021, notifying Cigna of the amount owed for certain emergency medical services and Landmark's desire to resolve underpaid claims.

25.     Cigna agreed to toll the statute of limitations for many of the claims for emergency medical services through a written agreement with Landmark and subsequent amendments to this original agreement.

26.     However, the parties were not able to reach a negotiated resolution, so this Complaint follows.

27.     Landmark pursues payment of these underpaid claims in its own right and on its own behalf, and not on behalf of any patient.  Landmark does not assert in this lawsuit any causes of action under the federal Employee Retirement Income Security Act of 1974 ("ERISA") or any claims for benefits based on an assignment of benefits.  Moreover, Landmark does not seek in this lawsuit to recover for any claims for members covered by self-funded ERISA plans for which no amount was allowed or paid by Cigna.

## FIRST CAUSE OF ACTION
## UNJUST ENRICHMENT

28.     Landmark incorporates the allegations in the preceding paragraphs as if fully set forth herein.

29.     Landmark conferred a benefit to Cigna by providing emergency health care services to Cigna-insured patients.

30.     Cigna received the benefit of the emergency health care services rendered by Landmark to Cigna-insured patients, but Cigna failed and refused to reimburse Landmark for the reasonable value of those services, as reflected in the billed charges presented on the invoices sent to Cigna.

31.     Instead, Cigna significantly underpaid Landmark for those services or, in many cases, failed to pay anything at all, and Cigna thereby inequitably retained the benefit conferred upon it and those it insured by Landmark.

6

32.     Cigna's failure and refusal to properly pay for Landmark's services at reasonable rates caused Landmark to sustain damages, which amounts Landmark is entitled to recover to prevent an unjust enrichment.

**SECOND CAUSE OF ACTION**
**QUANTUM MERUIT**

33.     Landmark incorporates the allegations in the preceding paragraphs as if fully set forth herein.

34.     Landmark conferred a benefit to Cigna by providing emergency health care services to patients who had their health insurance benefits administered by Cigna.

35.     Cigna received the benefit of the emergency health care services rendered by Landmark to Cigna members, but Cigna failed and refused to reimburse Landmark for the reasonable value of those services.

36.     Instead, Cigna significantly underpaid Landmark for those services.

37.     Cigna's failure and refusal to properly pay for Landmark's services at reasonable rates caused Landmark to sustain damages, which amounts Landmark is entitled to recover in quantum meruit.

**THIRD CAUSE OF ACTION**
**BREACH OF IMPLIED-IN-LAW CONTRACT**

38.     Landmark incorporates the allegations in the preceding paragraphs as if fully set forth herein.

39.     Rhode Island law also gives rise to an implied contract requiring Cigna to reimburse Landmark at reasonable rates for the services provided to patients who had their health insurance benefits administered by Cigna.

7

40.     Under EMTALA and Rhode Island law, Landmark had a legal duty to provide emergency medical care to all individuals who presented themselves to the emergency room. Landmark has provided emergency services to Cigna enrollees, as required by law.

41.     When Landmark provided emergency services to a patient enrolled in one of Cigna's health plans, Cigna was obligated to pay reasonable rates for that care. As discussed above, that obligation is illustrated by the Restatement (Third) of Restitution and Unjust Enrichment § 22 (Illustration No. 10).

42.     Cigna's payment obligation is further confirmed by Rhode Island statute, including R.I. Gen. Laws §§ 27-18-76 and 27-41-79, which requires health insurance carriers, and health maintenance organizations "offering health insurance coverage provid[ing] any benefits with respect to services in an emergency department of a hospital" to cover emergency services "[w]ithout the need for any prior authorization determination . . . ; [w]ithout regard to whether the health care provider furnishing the emergency services is a participating network provider with respect to the services; [and] without imposing any administrative requirement or limitation on coverage that is more restrictive than the requirements or limitations that apply to emergency services received from in-network providers," among other requirements. R.I. Gen. Laws § 27-18-76(b–c) and 27-41-79(b–c).

43.     Thus, even absent an express agreement between the parties, Cigna still had a legal obligation to pay reasonable rates for the services rendered by Landmark.

44.     Cigna failed and refused to reimburse Landmark at fair market value rates for services rendered that were not subject to agreed-upon contractual rates, as required by law.

## FOURTH CAUSE OF ACTION
## BREACH OF IMPLIED-IN-FACT CONTRACT

45.     Landmark incorporates the allegations in the preceding paragraphs as if fully set

forth herein.

46.     A number of patients who received the Hospital's emergency medical services subsequently required post-stabilization services after their emergency conditions had been addressed and stabilized.

47.     The Hospital contacted Cigna (a) to inform Cigna that its member had presented to the Hospital for emergency medical services, (b) to verify that the individual was an eligible Cigna member, (c) to request authorization to provide post-stabilization services, and (d) to engage in other communications about the patient's care.

48.     It is industry custom and practice that when providers (e.g., Landmark) request authorization from a health plan (e.g., Cigna), whether prospectively, concurrently, or retroactively, the health plan's issuance of authorization or indication that no authorization is required creates an implied-in-fact contract between the providers and health plan whereby the health plan agrees to adequately pay for the providers' services.

49.     Here, Cigna either expressly authorized Landmark's post-stabilization services, or expressly indicated that no authorization was required for Landmark's post-stabilization services. Moreover, Cigna elected not to transfer its members out of the Hospital to an in-network facility, thereby authorizing and agreeing to cover the services the Hospital would provide.  In so doing, an implied-in-fact contract was created whereby Landmark agreed to provide post-stabilization services to Cigna members, and Cigna agreed to pay the reasonable and customary rates for those services, which the parties understood and mutually agreed.

50.     Landmark rendered post-stabilization services to Cigna members with the reasonable expectation that Cigna would comply with the implied-in-fact agreement between the parties, and pay for Landmark's post-stabilization services at the reasonable and customary rates.

Case Number: PC-2023-00924
Filed in Providence/Bristol County Superior Court
Submitted: 2/30/2023 12:45 PM
Envelope: 4000088
Reviewer: Maureen D.

Case 1:23-cv-00130-WES-PAS Document 10-6 Filed 05/30/24 Page 11 of 13 PageID #:
279

51.     Landmark performed all or substantially all of the significant things required of them under the implied-in-fact contract between Landmark and Cigna, or Landmark otherwise was excused from having to perform some or all of the significant things required of them under the implied-in-fact contract.  Moreover, all conditions for Cigna's performance under the implied-in-fact contract had occurred or otherwise were excused and/or waived.

52.     Cigna breached its implied-in-fact contract with Landmark by paying Landmark less than the reasonable and customary rates for its post-stabilization services.

53.     Cigna's breach of this implied-in-fact contract directly and proximately caused Landmark to suffer damages in an amount to be proven at trial, plus interest.

## FIFTH CAUSE OF ACTION
## PROMISSORY ESTOPPEL

54.     Landmark incorporates the allegations in the preceding paragraphs as if fully set forth herein.

55.     Landmark provided post-stabilization services to certain of Cigna's members after their emergency medical conditions were stabilized, where the member's treating physician determined in his or her independent medical judgment that such services were medically necessary.

56.     Upon information and belief, in each instance where the treating physician determined post-stabilization services were medically necessary, Landmark promptly notified Cigna that the patient required inpatient post-stabilization services and requested that Cigna authorize those services or make prompt arrangements for the patient to be transferred to an in-network provider.

57.     Upon information and belief, in each instance where Landmark provided post-stabilization services to Cigna's members, Landmark sought and received from Cigna

authorizations to provide such post-stabilization services to such members, which included Cigna's promise to pay for those services.

58.     Cigna knew or reasonably expected at the time it provided the authorizations that those authorizations would induce Landmark to provide post-stabilization services to Cigna's members and that Landmark would expect Cigna to pay them the reasonable value of those services.

59.     Cigna's authorizations induced Landmark to provide post-stabilization services to Cigna's members, and Landmark reasonably relied upon Cigna's authorizations when providing those services.

60.     Nevertheless, Cigna systematically underpaid Landmark for the authorized post-stabilization services they provided to Cigna's members.

61.     Injustice can only be avoided by enforcing Cigna's promise to pay Landmark the reasonable value of the authorized post-stabilization services that Landmark provided to Cigna's members.

62.     As a direct and proximate result of Cigna's wrongful conduct, Landmark has suffered damages in an amount to be proven at trial, plus interest.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Landmark prays judgment be entered in its favor for amounts owed as alleged herein, plus any applicable interest under law or contract, attorney fees, and declaratory and injunctive relief.

## JURY DEMAND

Plaintiff Landmark demands a trial by jury for all issues so triable.

11

Case Number: PC-2023-00924
Filed in Providence/Bristol County Superior Court
Submitted: 2/30/2023 12:23 PM
Envelope: 4000088
Reviewer: Maureen D.

Dated: February 24, 2023

Respectfully submitted,

*/s/ Joseph V. Cavanagh, III*

Joseph V. Cavanagh, Jr. (1139)
Joseph V. Cavanagh, III (6907)
BLISH & CAVANAGH, LLP
30 Exchange Terrace
Providence, RI 02903
Tel:  (401) 831-8900
Fax:  (401) 751-7542
jvc@blishcavlaw.com
jvc3@blishcavlaw.com

B. Kurt Copper
(*pro hac vice application forthcoming*)
JONES DAY
2727 North Harwood Street
Suite 500
Dallas, TX 75201
Tel:  (214) 220-3939
Fax:  (214) 969-5100
bkcopper@jonesday.com

Chance B. McCraw
(*pro hac vice application forthcoming*)
JONES DAY
2727 North Harwood Street
Suite 500
Dallas, TX 75201
Tel:  (214) 969-4563
Fax:  (214) 969-5100
cmccraw@jonesday.com

*Counsel for Plaintiff*

12